IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 05-B-48548 |
| | ) | |
| GEORGE H. JOHNSON AND | ) | Chapter 7 |
| LENNISE JOHNSON, | ) | |
| | ) | Honorable Pamela S. Hollis |
| Debtors. | ) | |
| | ) | |

**SECOND AND FINAL FEE APPLICATION OF FRANK/GECKER LLP
AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE
BANKRUPTCY ESTATE OF GEORGE H. JOHNSON AND LENNISE JOHNSON
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Frank/Gecker LLP, counsel to Frances Gecker, the Chapter 7 Trustee (the "Trustee"), of the estate of George H. Johnson and Lennise Johnson (the "Debtors"), hereby submits this second and final application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) for legal services performed and expenses incurred during the period of July 1, 2008 through and including October 30, 2010 (the "Application Period"), as counsel to the Trustee. In support of the Application, F/G respectfully represents as follows:

## INTRODUCTION

1. On October 11, 2005 (the "Petition Date") the Debtors filed a voluntarily petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

2. Frances Gecker ("Trustee") is the duly appointed and qualified Chapter 7 Trustee.

3. Ms. Gecker chose Frank/Gecker LLP ("F/G") as Trustee's counsel. On December 21, 2006, this Court entered an order authorizing Ms. Gecker to retain F/G and Mr. Zielinski as her counsel retroactive to November 15, 2006.

4.   Counsel has received $18,572.66 in previously awarded compensation and reimbursement of expenses.

5.   This fee application seeks allowance of all fees and expenses incurred by F/G from July 1, 2008 through and including October 30, 2010. To aid the Court in its review of this Application, the Trustee's counsel has divided this application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

## I.   SERVICES PERFORMED

During this case the Trustee's counsel was primarily involved in the liquidation of two mortgages on two separate properties collectively valued at approximately $94,000.00 (the "Mortgages"). The Debtors had received the Mortgages as consideration for a pre-petition sale of commercial real estate in 2002. At the time of the Debtors' bankruptcy, the Mortgages had been in default for more than a year, no foreclosure proceedings had been commenced, and the Debtors believed the Mortgages to be uncollectible.

Trustee's counsel investigated the first of the Mortgages and received full payment of $50,000.00 (the "First Payment"). A third-party originally attempted to claim the First Payment, but Trustee's counsel eventually got the First Payment turned over to the Trustee.

Trustee's counsel, in conjunction with Trustee's special counsel, investigated the second of the Mortgages, commenced a foreclosure proceeding, and settled the matter in return for a payment of $76,694.00. The Mortgages resulted in a recovery for the estate of approximately $126,000.00.

3

The remaining amount of time spent by the Trustee's counsel involved investigating and resolving a third mortgage which was an unauthorized post-petition mortgage (the "Unauthorized Mortgage") recorded against the Debtors' real estate commonly known as 716 East 72nd Street, Chicago, Illinois (the "Real Estate"). In conjunction with that investigation, Trustee's counsel prepared and filed a motion for contempt (the "Contempt Motion") against Julie Yates and New Century Mortgage Corporation. The Trustee withdrew the Contempt Motion when the Trustee learned the Unauthorized Mortgage had been transferred to Carrington Mortgage Company ("Carrington"), and Carrington's title insurance company agreed to pay the Trustee $50,000 to release the Trustee's claims against the Unauthorized Mortgage. Unfortunately, it took nearly eighteen (18) months to resolve all the issues related to the Unauthorized Mortgage.

**A.    Case Administration**                                                                $2,970.00

F/G spent 9.80 hours at a cost of $2,970.00 on issues relating to the administration of the case including information needed for preparation of the estate's tax returns and the status of the Real Estate. Due to certain complicated issues related to tax basis for funds received, Trustee's counsel worked closely with the accountant to determine liability.

**B.    Carrington Mortgage Matters**                                              $12,412.50

F/G spent 43.30 hours at a cost of $12,412.50 on issues relating to negotiating with the Debtor and Carrington on the Unauthorized Mortgage. The settlement with Carrington resulted in a recovery of fifty-thousand dollars ($50,000) for the Debtors' estate. However, the final settlement with Carrington was delayed while Carrington and the Debtors attempted to agree on certain terms to re-instate the Unauthorized Mortgage.

Carrington had inadvertently released the Unauthorized Mortgage, and the Debtors elected to stop making any payments toward the Unauthorized Mortgage. The Debtors and Carrington wanted to use potential surplus funds from the Debtors' estate to re-instate the Unauthorized Mortgage. The negotiations between the Debtors and Carrington lasted approximately eighteen (18) months. During that time, the Trustee's counsel needed to redraft the settlement agreement seven (7) times before a final agreement was reached.

Unfortunately, the Debtors were unable to reach a final resolution with Carrington related to re-instating the Unauthorized Mortgage. Therefore, the Trustee resolved the issue directly with Carrington by granting Carrington a subordinated claim in the Debtors' estate.

### C. Claims $1,822.50

F/G spent 6.50 hour at a cost of $1,822.50 on issues relating to the review of filed proof of claims to determine the status of certain claims and determine potential surplus for the estate. Trustee's counsel also reviewed and sent follow-up letters to potential creditors, because it was anticipated that this would be a surplus estate.

### D. Retention of Professionals/ Fee Applications $2,155.00

F/G spent 7.20 hours at a cost of $2,155.00 on legal matters in connection with preparation, filing and attending court hearings regarding preparation of F/G's Second and Final Fee Application.

## II. ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

A. <u>Zane L. Zielinski</u> (ZLZ) is an associate at Frank/Gecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski

specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

    B.    <u>William G. Cross</u> (WC) is an associate at Frank/Gecker LLP. Mr. Cross is a 2009 graduate of Loyola University Chicago School of Law. Mr. Cross specializes in bankruptcy law and has represented trustees and creditors in bankruptcy cases.

### III.    CALCULATION OF TIME AND FEES

This is the Trustee's first application for compensation and reimbursement of fees and expenses of F/G. This fee application applies to fees and expenses incurred by F/G during the Application Period. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between F/G and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibits, F/G's attorneys and paralegal have spent a total of 66.80 hours providing necessary legal services for the Trustee. As a result, they request compensation in the amount of $19,360.00 for actual, necessary legal services performed (Exhibit A). The average hourly rate is $289.82. In addition, F/G has expended the sum of $118.99 for actual, necessary expenses incurred in representing the Trustee (Exhibit B). F/G has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

{JOHNSON/001/00023962.DOC/ }

In preparing this fee application, F/G has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by F/G on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. F/G worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, F/G has prepared its time exhibits by topic as presented in the attached Exhibit A. For purposes of this Application, counsel has used four categories. Most of these categories are substantive. The time entries cover all work performed by F/G regardless of whether it was office conferences, telephone conferences, research or some other type of work.

Counsel also incurred out-of-pocket expenses which are listed on the attached Exhibit B. The expenses incurred during this period were primarily postage. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, F/G's non-bankruptcy clients routinely are billed and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992). F/G does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into F/G's normal and customary rate.

No compensation has been promised to F/G, other than as disclosed or approved by this Court. F/G certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the

amount of its fees with any party except the Trustee. Finally, F/G represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, Frank/Gecker LLP respectfully requests that this Court enter an Order:

A. Allowing Frank/Gecker LLP compensation for actual, necessary legal services in the amount of $19,360.00.

B. Allowing Frank/Gecker LLP reimbursement of actual, necessary expenses in the amount of $118.99; and

C. Authorizing the Trustee to pay Frank/Gecker LLP compensation and expense reimbursement in the total amount of $19,478.99.

Dated: October 30, 2010

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of GEORGE H. JOHNSON AND LENNISE JOHNSON

By: /s/ *Zane L. Zielinski*
One of her attorneys

Zane L. Zielinski (IL ARDC #6278776)
**Frank/Gecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60610
Tel.: (312) 276-1400
Fax: (312) 276-0035

{JOHNSON/001/00023962.DOC/ }