IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Estate of George and Lennise Johnson | ) | No. 05 B 48548 |
| | ) | |
| 75-6826070 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Bruce W. Black |

FIRST AND FINAL APPLICATION
OF ALAN D. LASKO & ASSOCIATES, P.C.
FOR ALLOWANCE COMPENSATION AND EXPENSES

ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C., Certified Public Accountants, request first and final compensation of $4,084.40 and expenses of $22.29 for the time period from January 18, 2007 through October 8, 2010. A detail is provided herein for the Estate, which identifies by subject matter the services performed by the Applicant. Additional detail is provided to reflect the function and individual performing said services. Lastly, each individual's classification and hourly rate is also reflected. In addition, attached as Exhibit A is the Affidavit pursuant to Bankruptcy Rule 2016.

## INTRODUCTION

This Court has jurisdiction over this First and Final Fee Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**ESTATE OF GEORGE AND LENNISE JOHNSON**

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's partners, of counsel, associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

**GENERAL**

The Debtor filed a petition under Chapter 7 on or about October 11, 2005. A Trustee was subsequently appointed. On January 18, 2007, Alan D. Lasko & Associates, P.C. was approved by the Court issued as the accountants for the Trustee. Reflected in this fee petition is the Applicant's time for the preparation of the Estate's years 2007, 2008 and 2009 workpapers and 2008 income tax returns.

## ESTATE OF GEORGE AND LENNISE JOHNSON

The following represents a description of the primary individuals in this engagement.

<u>Alan D. Lasko – CPA, CIRA, CFF</u>

Mr. Lasko has worked primarily in the bankruptcy field over the last 24 years. He brings his 34 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases. Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor and creditor counsels in formulating plans of reorganizations and disclosure statements. Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA), as well as being Certified in Financial Forensics (CFF). Mr. Lasko is also a member of the American Bankruptcy Institute, the American Institute of Certified Public Accountants and the Illinois CPA Society. Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics. Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.

<u>Susan J. Kilgore, CPA – Manager</u>

Ms. Kilgore has 33 years of experience working as a manager and staff person in public accounting. She has worked for a large and small accounting firm over this period. She has substantial experience working primarily with commercial accounts of all sizes performing audits and year-end accounting and tax preparation. She also has worked with a variety of different types of for-profit and not-for-profit companies. She has an undergraduate Degree in Accounting and achieved the National Honor Society for Business Administration while in school. She is a certified public accountant and a member of the American Institute of Certified Public Accountants and the Illinois CPA Society.

3

**ESTATE OF GEORGE AND LENNISE JOHNSON**

Michele M. Kovac, CPA – Accounting Supervisor

Ms. Kovac has over 10 years of experience in public accounting and another 10 in industry. She has worked primarily performing accounting and income tax preparation work for small to medium sized companies. She also provides her clients with mid-year and year-end financial statements, as well as tax projections and tax planning. Ms. Kovac received her undergraduate degree from Purdue University and is licensed to practice as a certified public accountant in both Illinois and Indiana. Her affiliations include the American Institute of Certified Public Accountants and the Illinois CPA Society.

Tricia Kong – Staff

Ms. Kong is a third-year staff person performing accounting and tax services. Ms. Kong has a Masters in Accounting from the University of Illinois at Chicago and a Bachelor's of Commerce from the University of Alberta, Edmonton.

Connie Lee – Staff

Ms. Lee is a fourth-year staff person performing accounting and tax services. Ms. Lee has a Bachelor of Accounting from DeVry University.

Bradley Kaye – Staff

Mr. Kaye is an accounting intern staff person performing accounting and tax services. Mr. Kaye is a graduate from the University of Illinois in Economics and has been accepted to the Ohio State Law School Program.

**ESTATE OF GEORGE AND LENNISE JOHNSON**

STAFF – SUPERVISORS, SENIORS AND ASSISTANTS
<u></u>

SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level. Supervisors have administrative and overview responsibility on a broader level than senior accountants. Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level. Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court. In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

ASSISTANTS

Staff assistants usually execute basic assignments or tasks. In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.

**FEE APPLICATION**

The fees sought by this First and Final Fee Application reflect an aggregate of 29.4 hours of ADLPC's time spent and recorded in performing services during the First and Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already

## ESTATE OF GEORGE AND LENNISE JOHNSON

been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

### BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

6

## ESTATE OF GEORGE AND LENNISE JOHNSON

### BILLING

The Applicant has incurred 1.2 hours in the preparation of this fee Application.

    Cost                    $111.00

A recap of compensation for this category is as follows:

|                  | Hours | Rate      | Amount    |
|------------------|-------|-----------|-----------|
| A. Lasko         | 0.2   | $ 260.00  | $  52.00  |
| C. Wilson, Staff | 1.0   |    59.00  |    59.00  |
|                  | 1.2   |           | $ 111.00  |

### YEAR-END WORK

The Applicant incurred 28.2 hours in the preparation of the Estate's years 2007, 2008 and 2009 workpapers and the 2008 year-end tax returns.

The work also included the following:

- Summarized Trustee's Forms 2.
- Reviewed Bankruptcy Schedules.
- Reviewed monies received from Title Company and calculated sale of related asset gain/loss based upon partial records received.
- Reviewed collection of monies on closed sales and related settlement.
- Reviewed with Trustee's counsel monies received from Title Company.
- Estimated time to prepare Estate's information tax returns, as needed.

    Cost                    $3,973.40

**ESTATE OF GEORGE AND LENNISE JOHNSON**

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 3.6 | $ 260.00 | $ 936.00 |
| A. Lasko (Pre 2009) | 1.2 | 245.00 | 294.00 |
| A. Lasko (Pre 2010) | 1.1 | 255.00 | 280.50 |
| S. Kilgore, Manager | 0.2 | 205.00 | 41.00 |
| S. Kilgore, Manager (Pre 2010) | 0.4 | 185.00 | 74.00 |
| M. Kovac, Accounting Supervisor | 3.3 | 175.00 | 577.50 |
| C. Lee, Staff | 14.3 | 99.00 | 1,415.70 |
| C. Lee, Staff (Pre 2010) | 0.3 | 92.00 | 27.60 |
| T. Kong, Staff | 2.1 | 99.00 | 207.90 |
| T. Kong, Staff (Pre 2010) | 0.3 | 94.00 | 28.20 |
| B. Kaye, Staff | 1.4 | 65.00 | 91.00 |
|  | 28.2 |  | $ 3,973.40 |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

| Owner | $250 | - | $275 |
|---|---|---|---|
| Manager/Director | 180 | - | 250 |
| Supervisors | 160 | - | 180 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

8

**ESTATE OF GEORGE AND LENNISE JOHNSON**

| Recap | | |
|---|---|---|
| Postage | $ | 1.59 |
| Copy Costs | | 12.70 |
| Delivery | | 8.00 |
| | $ | 22.29 |

To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with its employment, ADLPC has summarized the services provided by the project billing categories for its first and final fee period are as follows:

| Recap by Project | First and Final Application |
|---|---|
| Billing | $ 111.00 |
| Year-End Work - Net | 3,973.40 |
| Net Request | $ 4,084.40 |

| Recap by Hour | Hours | Amount | Blended Rate |
|---|---|---|---|
| Billing | 1.2 | $ 111.00 | $ 92.50 |
| Year-End Work | 28.2 | 3,973.40 | $ 140.90 |
| | 29.4 | $ 4,084.40 | $ 138.93 |

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

9

## ESTATE OF GEORGE AND LENNISE JOHNSON

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this First and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

### ESTATE OF GEORGE AND LENNISE JOHNSON

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. As shown by this First and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the First and Final compensation sought herein for the Compensation Period is warranted.

### CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested first and final compensation of $4,084.40 and expenses of $22.29 should be allowed for services by your Applicant for the period January 18, 2007 through October 8, 2010.

_____
Alan D. Lasko

Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite 1240
Chicago, Illinois  60603
(312) 332-1302